# Supreme Court of Florida

---

No. SC22-144

---

**IN RE: AMENDMENTS TO RULES REGULATING THE FLORIDA BAR—RULES 3-7.6 and 3-7.10.**

June 2, 2022

PER CURIAM.

This matter is before the Court for consideration of proposed amendments to Rules Regulating The Florida Bar (rules) 3-7.6 and 3-7.10.  We have jurisdiction.  *See* art. V, § 15, Fla. Const.; R. Regulating Fla. Bar 1-12.1.

The Florida Bar (Bar) filed a petition proposing amendments to rules 3-7.6 (Procedures Before a Referee) and 3-7.10 (Reinstatement and Readmission Procedures).  The petition was in response to a referral from the Court to consider amendments to the rules in accordance with the Court's recent decision in *Florida Bar re Murtha*, 327 So. 3d 256, 259 (Fla. 2021), wherein this Court held that the referee's order requiring civil mediation in this Bar reinstatement proceeding was inappropriate and noting that the

Court would separately refer the issue to the Bar to consider a rule on the issue of mediation. The Board of Governors of The Florida Bar unanimously approved the proposal. The Bar published the proposal for comment in *The Florida Bar News*, and no comments were received. Having considered the Bar's report, the Court hereby adopts the amendments as proposed. The more significant amendments are discussed below.

First, in rule 3-7.6, language is added under new subdivision (f)(3) to provide that civil mediation is not available to the parties but grievance mediation under chapter 14 is permitted as applicable. Additionally, new subdivision (h)(5)(C) is added and provides language to mirror rule 3-7.11(d)(1) to emphasize that witness and document subpoenas must be issued by the referee.

Next, in rule 3-7.10, a sentence is added to subdivision (f) prohibiting a referee in Bar reinstatement proceedings from referring a petition for reinstatement to civil or grievance mediation. Finally, multiple grammatical amendments are made throughout both rules for clarity and consistency with *In re Guidelines for Rules Submissions*, AOSC06-14 (Fla. 2006).

Accordingly, we amend the Rules Regulating The Florida Bar as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective August 1, 2022, at 12:01 a.m.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules Regulating The Florida Bar

Joshua E. Doyle, Executive Director, Michael G. Tanner, President, Gary S. Lesser, President-elect, and Elizabeth Clark Tarbert, Division Director, Lawyer Regulation, The Florida Bar, Tallahassee, Florida,

for Petitioner

# Appendix

## RULE 3-7.6 PROCEDURES BEFORE A REFEREE

**(a) Referees.**

(1) *Appointment.*  The chief justice ~~shall have~~has the power to appoint referees to try disciplinary cases and to delegate to a chief judge of a judicial circuit the power to appoint referees for duty in the chief judge's circuit.  ~~Such~~These appointees ~~shall~~ ordinarily must be active county or circuit judges, but the chief justice may appoint retired judges.

(2) *Minimum Qualifications.*  To be eligible for appointment as a referee under this rule, the judge must have previously served as a judicial referee in proceedings instituted under these rules before February 1, 2010, at 12:01 a.m., or must have received the referee training materials approved by the Supreme Court of Florida and certified to the chief judge that the training materials have been reviewed.

**(b) Trial by Referee.**  ~~When a finding has been made by a grievance committee or by the board that there is cause to believe that a member of The Florida Bar is guilty of misconduct justifying disciplinary action, and the formal complaint based on such finding of probable cause has been assigned by the chief justice for trial before a referee, the proceeding thereafter shall be an adversary proceeding that shall be conducted as hereinafter set forth.~~Proceedings after assignment of a referee on the bar's filing a formal complaint are adversary proceedings conducted under this rule.

**(c) Pretrial Conference.**  ~~Within 60 days of the order assigning the case to the referee, the~~The referee ~~shall~~must conduct a pretrial conference within 60 days of the order assigning the case to the referee.  The purpose of the conference is to set a schedule for the proceedings, including discovery deadlines and a final hearing date.  The referee

- 4 -

~~shall~~must enter a written order in the proceedings reflecting the schedule determined at the conference.

**(d)  Venue.**  The trial ~~shall~~must be held in the county in which an alleged offense occurred or in the county where the respondent resides or practices law or last practiced law in Florida, whichever ~~shall be~~is designated by the Supreme Court of Florida; provided, however, that if the respondent is not a resident of Florida and if the alleged offense is not committed in Florida, the trial ~~shall~~will be held in a county designated by the chief justice.

**(e)  Style of Proceedings.**  All proceedings instituted by The Florida Bar ~~shall~~must be styled "The Florida Bar, Complainant, v. .....(name of respondent)....., Respondent," and "In The Supreme Court of Florida (Before a Referee)."

**(f)  Nature of Proceedings.**

(1)  [No Changes]

(2)  *Discovery.*  Discovery ~~shall be~~is available to the parties in accordance with the Florida Rules of Civil Procedure.

(3) *Mediation.*  Civil mediation is not available to parties. The parties may be referred to grievance mediation under chapter 14 as permitted by these rules and the grievance mediation policies adopted under these rules.

**(g)  Bar Counsel.**  Bar counsel ~~shall make such investigation~~must investigate as is necessary and ~~shall~~ prepare and prosecute with utmost diligence any case assigned.

**(h)  Pleadings.**  Pleadings may be informal and ~~shall~~must comply with the following. ~~requirements:~~

(1)  *Complaint; Consolidation and Severance.*

(A)  Filing.  The complaint ~~shall~~must be filed in the Supreme Court of Florida.

(B)  Content.  The complaint ~~shall~~must set forth the particular act or acts of conduct for which the ~~attorney~~Florida Bar member is sought to be disciplined.

(C)  [No Changes]

(2)  *Answer and Motion.*  ~~The respondent shall answer the complaint and, as a part thereof or by separate motion, may challenge only the sufficiency of the complaint and the jurisdiction of the forum.  All other defenses shall be incorporated in the respondent's answer.  The answer may invoke any proper privilege, immunity, or disability available to the respondent.  All pleadings of the respondent must be filed within 20 days of service of a copy of the complaint.~~The respondent must answer the complaint.  The answer must include all the respondent's defenses, except that the respondent may challenge the sufficiency of the complaint and jurisdiction of the forum in a separate motion.  The respondent's answer may invoke any proper privilege, immunity, or disability available to the respondent.  All the respondent's pleadings must be filed within 20 days of service of a copy of the complaint on the respondent.

(3)  *Reply.*  ~~If the respondent's answer shall contain any new matter or affirmative defense, a reply thereto may be filed within 10 days of the date of service of a copy upon bar counsel, but failure to file such a reply shall not prejudice The Florida Bar.~~The bar may reply to the respondent's answer within 10 days of service on bar counsel if the respondent's answer contains any new issue or affirmative defense.  Failure to reply to the respondent's answer does not prejudice the bar.  All affirmative allegations in the respondent's answer ~~shall be~~are considered ~~as~~denied by ~~The Florida Bar~~the bar.

(4)  *Disposition of Motions.*  Hearings ~~upon~~on motions may be deferred until the final hearing, and, whenever heard, rulings ~~thereon~~on any motions may be reserved until termination of the final hearing.

- 6 -

(5) *Filing and Service of Pleadings.*

(A) ~~Prior to~~Before Appointment of Referee. Any pleadings filed in a case ~~prior to~~before appointment of a referee ~~shall~~must be filed with the Supreme Court of Florida and ~~shall bear~~must include a certificate of service showing parties ~~up~~on whom service of copies has been made. ~~On appointment of referee, the~~The Supreme Court of Florida ~~shall notify~~notifies the parties of ~~such~~the referee's appointment and forwards all pleadings filed with the court to the referee for action on appointment of the referee.

(B) After Appointment of Referee. All pleadings, motions, notices, and orders filed after appointment of a referee ~~shall~~must be filed with the referee and ~~shall bear~~must include a certificate of service showing service of a copy on the bar's staff counsel and bar counsel ~~of The Florida Bar~~ and on all interested parties to the proceedings.

(C) Subpoenas for witnesses' attendance and production of documentary evidence before a referee must be issued by the referee and must be served either in the manner provided by law for the service of process or by an investigator employed by The Florida Bar.

(6) *Amendment.* ~~Pleadings may be amended by order of the referee, and a reasonable time shall be given within which to respond thereto.~~The referee may allow pleadings to be amended. If the referee permits pleadings to be amended, the referee must allow a reasonable time for response.

(7) *Expediting the Trial.* ~~If it shall be made to appear that the date of final hearing should be expedited in the public interest, the~~The referee may, in the referee's discretion, shorten the time for filing pleadings and the notice requirements as provided in this rule if the referee

determines that the proceedings should be expedited to serve the public interest.

(8) *Disqualification of Referee.* A referee may be disqualified from service in the same manner and to the same extent that a trial judge may be disqualified under existing law from acting in a judicial capacity. In the event of a disqualification, the chief judge of the appropriate circuit ~~shall~~will appoint a successor referee from that same circuit.

**(i) Notice of Final Hearing.** ~~The cause may be set down for trial by either~~Either party or the referee may set the cause for trial with at least ~~upon not less than~~ 10 days' notice. The trial ~~shall~~will be held as soon as possible ~~following the expiration of~~after 10 days from the filing of the respondent's answer~~,~~ or, if no answer is filed, ~~then~~ from the date ~~when such~~the answer is due.

**(j) The Respondent.** ~~Unless the respondent claims a privilege or right properly available under applicable federal or state law, the~~The bar may call the respondent ~~may be called~~ as a witness ~~by The Florida Bar~~ to make specific and complete disclosure of all matters material to the issues unless the respondent claims a privilege or right properly available under applicable federal or state law. ~~When the respondent is subpoenaed to appear and give testimony or to produce books, papers, or documents and refuses to answer or to produce such books, papers, or documents, or, having been duly sworn to testify, refuses to answer any proper question, the~~The respondent may be cited for contempt of the court if subpoenaed to give testimony or produce documents and refuses to give testimony or produce documents or, having been duly sworn to testify, refuses to answer any proper question.

**(k) Complaining Witness.** The complaining witness is not a party to the disciplinary proceeding~~,~~ and ~~shall have~~has no rights other than those of any other witness. ~~However, unless it is found to be impractical due to unreasonable delay or other~~

~~good cause, and after the complaining witness has testified during the case in chief, the~~The referee may grant the complaining witness the right to be present at any hearing when the respondent is also present after the complaining witness has testified during the case in chief, unless the complaining witness' presence is found to be impractical due to unreasonable delay or other good cause. A complaining witness may be called ~~up~~on to testify and produce evidence as any other witness. ~~Neither unwillingness nor neglect of the complaining witness to cooperate, nor settlement, compromise, or restitution will excuse failure to complete any trial.~~The bar may proceed with trial regardless of a complainant's lack of cooperation or any settlement, compromise, or restitution between the respondent and complainant. The complaining witness ~~shall have~~has no right to appeal.

(*l*) **Parol Evidence.** Evidence, other than that contained in a written ~~attorney-client~~lawyer-client contract, may not be used in proceedings conducted under the Rules Regulating The Florida Bar to vary the terms of that contract, except other competent evidence ~~other than that contained in a written fee contract~~ may be used only if necessary to resolve issues of excessive fees or excessive costs.

(m) **Referee's Report.**

(1) *~~Contents~~Timing of Report.* ~~Within 30 days after the conclusion of a trial before a referee or 10 days after the referee receives the transcripts of all hearings, whichever is later, or within such extended period of time as may be allowed by the chief justice for good cause shown, the~~The referee ~~shall make a report and~~must enter ~~it~~a report as part of the record within the later of 30 days after the conclusion of the trial, 10 days after the referee receives the transcripts of all hearings, or as extended by the chief justice for good cause~~, but failure~~. Failure to enter the report in the time prescribed ~~shall~~does not deprive the referee of jurisdiction.

(2) *Contents of Report.* The referee's report ~~shall~~must include:

(A)  a finding of fact ~~as to~~for each item of misconduct of which the respondent is charged, which ~~findings of fact shall enjoy~~has the same presumption of correctness as the judgment of the trier of fact in a civil proceeding;

(B)  recommendations ~~as to~~ whether the respondent should be found guilty of misconduct justifying disciplinary measures;

(C)  recommendations ~~as to~~on the disciplinary measures to be applied;

(D)  ~~a statement of any past disciplinary measures as to the respondent~~the respondent's disciplinary history ~~that are~~ on record with the bar's executive director ~~of The Florida Bar~~ or that otherwise become~~s~~ known to the referee through evidence properly admitted by the referee during the course of the proceedings (after a finding of guilt, all evidence of prior disciplinary measures may be offered by bar counsel subject to appropriate objection or explanation by respondent); and

(E)  a statement of costs incurred and recommendations as to the manner in which ~~such~~those costs should be taxed.

(~~2~~3)  *Filing of Report*.  The referee~~'s~~ must file the report and record of proceedings ~~shall in all cases be transmitted together to~~with the Supreme Court of Florida.  ~~Copies~~ The referee must serve copies of the report ~~shall be served~~ on the parties including staff counsel.  Bar counsel will make a copy of the record, as ~~furnished~~filed, available to other parties on request and payment of the actual costs of reproduction.  The referee may not file the report of referee and record ~~shall not be filed~~ until the time for filing a motion to assess costs has expired and no motion has been filed or, if the motion was timely filed, until the motion has been considered and a ruling entered.

**(n)  The Record.**

- 10 -

(1) *Recording of Testimony.* ~~All~~A court reporter must attend and record all testimony at all hearings at which testimony is presented ~~shall be attended by a court reporter who shall record all testimony~~. Transcripts of ~~such~~ testimony are not required to be filed in the matter. ~~, unless requested by a~~Any party~~, who shall~~ requesting transcripts be filed in the matter must pay the cost of transcription directly to the court reporter. ~~,~~ Transcripts ~~or~~ ordered filed by the referee~~, in which case the costs thereof~~ are subject to assessment as costs as elsewhere provided in these rules.

(2) *Contents.* The record ~~shall~~ includes all items properly filed in the cause, including pleadings~~,~~; recorded testimony, if transcribed~~,~~; exhibits in evidence~~,~~; and the report of the referee.

(3) *Preparation and Filing.* The referee, with the assistance of bar counsel, ~~shall~~ prepares the record, ~~certify~~certifies that the record is complete, serves a copy of the index of the record on the respondent and The Florida Bar, and files the record with the office of the clerk of the Supreme Court of Florida.

(4) *Supplementing or Removing Items from the Record.* The respondent and The Florida Bar may seek to supplement the record or have items removed from the record by filing a motion with the referee ~~for such purpose, provided such motion is filed~~ within 15 days of the service of the index. Denial of a motion to supplement the record or to remove an item from the record may be reviewed in the same manner as provided for in the rule on appellate review under these rules.

**(*o*) Plea of Guilty by Respondent.** At any time during the progress of disciplinary proceedings, a respondent may tender a plea of guilty.

(1) *Before Filing of Complaint.* ~~If the plea is~~A guilty plea tendered before filing of a complaint by staff counsel~~, such~~

- 11 -

~~plea shall~~ must be tendered in writing to the grievance committee or bar counsel.

(2)  *After Filing of Complaint.*  ~~If the complaint has been filed against the respondent, the~~ The respondent may enter a written guilty plea ~~of guilty thereto by filing the same~~ after a complaint has been filed in writing with the referee to whom the cause has been assigned for trial.  ~~Such~~ The referee ~~shall~~ may take ~~such~~ testimony ~~thereto as may be advised~~ on the guilty plea, ~~following which the referee will~~ then must enter a report as otherwise provided in this rule.

(3)  *Unconditional.*  ~~An unconditional plea of guilty shall not preclude~~ The court may review ~~as to~~ recommended disciplinary measures ~~imposed~~ on an unconditional guilty plea.

(4)  *Procedure.*  ~~Except as herein provided, all~~ All guilty plea procedures ~~in relation to disposition of the cause on pleas of guilty shall be~~ are as elsewhere provided in these rules, except if they conflict with this rule.

**(p)  Cost of Review or Reproduction.**

(1)  The bar's charge for reproduction ~~, when photocopying or other reproduction is performed by the bar,~~ for the purposes of these rules ~~shall be as~~ is determined and published annually by the executive director.  In addition to reproduction charges, the bar may charge a reasonable fee incident to a request to review disciplinary records or for research into the records of disciplinary proceedings and identification of documents to be reproduced.

(2)  When the bar is requested to reproduce documents that are voluminous or is requested to produce transcripts in the bar's possession ~~of the bar~~, the bar may decline to reproduce the documents in the bar's offices ~~of the bar~~ and ~~shall~~ must inform the requesting person of the following options:

(A) – (B)  [No Changes]

- 12 -

(C)  designation of a commercial photocopy service to which the bar ~~shall~~will deliver the original documents to be copied, at the requesting party's expense, ~~provided~~if the photocopy service agrees to preserve and return the original documents and not ~~to~~ release them to any person without the bar's consent.

**(q)  Costs.**

(1)  *Taxable Costs.*  Taxable costs of the proceedings ~~shall~~ include only:

(A) - (I)  [No Changes]

(2)  *Discretion of Referee.*  The referee ~~shall have~~has discretion to award costs and, absent an abuse of discretion, the court will not reverse the referee's award ~~shall not be reversed~~.

(3)  *Assessment of Bar Costs.*  ~~When the bar is successful, in whole or in part, the~~The referee may assess the bar's costs against the respondent when the bar is successful, in whole or in part, unless ~~it is shown~~the respondent shows that the costs of the bar were unnecessary, excessive, or improperly authenticated.

(4)  *Assessment of Respondent's Costs.*  ~~When the bar is unsuccessful in the prosecution of a particular matter, the~~The referee may assess the respondent's costs against the bar ~~in the event that~~if the bar is unsuccessful in prosecuting a matter and the bar raised ~~there was~~ no justiciable issue of either law or fact ~~raised by the bar~~.

(5)  *Time for Filing Motion to Assess Costs.*  A party ~~shall~~must file a statement of costs incurred in a referee proceeding and a request for payment of same within 15 days after written notice by the referee that the report of referee has been completed or at the time that a guilty plea for consent judgment is filed.  The party from whom costs are sought may file an objection within 10 days from the date the motion was filed.  Failure to timely file a motion~~,~~

- 13 -

without good cause, ~~shall be considered as a waiver of~~waives the right to request reimbursement of costs or to object to a request for reimbursement of costs. ~~The party from whom costs are sought shall have 10 days from the date the motion was filed in which to serve an objection. Because costs may not be assessed against the respondent unless the bar is successful in some part and because costs may not be assessed against the bar unless the referee finds the lack of a justiciable issue of law or fact, this~~This subdivision ~~shall not be construed to~~does not require the filing of a motion to assess costs before the referee when doing so is not appropriate.

## Court Comment

[No changes]

## Comment

[No changes]

## RULE 3-7.10 REINSTATEMENT AND READMISSION PROCEDURES

**(a) Reinstatement; Applicability.** A lawyer who is ineligible to practice due to a court-ordered disciplinary suspension of 91 days or more or who has been placed on the inactive list for incapacity not related to misconduct may be reinstated to membership in good standing in The Florida Bar and be eligible to practice again ~~pursuant to~~under this rule. The proceedings under this rule ~~are not applicable~~do not apply to any lawyer who is ~~not~~ineligible to practice law due to a delinquency as defined in rule 1-3.6 of these rules.

**(b) – (e)** [No Changes]

**(f) Determination of Fitness by Referee Hearing.** The referee to whom the petition for reinstatement is referred must conduct the hearing as a trial, in the same manner, to the extent practical, as provided elsewhere in these rules. The referee may not refer the petition to civil or grievance

- 14 -

mediation.  The referee must decide the fitness of the petitioner to resume the practice of law.  In making this determination, the referee will consider whether the petitioner has engaged in any disqualifying conduct, the character and fitness of the petitioner, and whether the petitioner has been rehabilitated, as further described in this subdivision.  All conduct engaged in after the date of admission to The Florida Bar is relevant in proceedings under this rule.

(1) – (2)  [No changes]

(3)  *Elements of Rehabilitation.*  Merely showing that an individual is now ~~living as and~~ doing those things that should be done throughout life, although necessary to prove rehabilitation, does not prove that the individual has undertaken a useful and constructive place in society.  Any petitioner for reinstatement from discipline for prior misconduct is required to produce clear and convincing evidence of rehabilitation including, but not limited to, the following elements:

(A) – (G)  [No changes]

(4)  [No Changes]

**(g)  Hearing; Notice; Evidence.**

(1)  *Notice.*  The referee to whom the petition for reinstatement is referred will fix a time and place for hearing, and notice of the hearing will be provided at least 10 days ~~prior to~~before the hearing to the petitioner, ~~to~~ lawyers representing The Florida Bar, and ~~to~~ other persons who may be designated by the appointed referee.

(2)  *Appearance.*  Any persons to whom notice is given, ~~any~~ other interested persons, or ~~any~~ local bar association may appear before the referee in support of or ~~in~~ opposition to the petition at any ~~time or times fixed for the~~ hearings.

(3)  *Failure of Petitioner to be Examined.*  ~~For the failure of the petitioner to submit to examination as a witness~~

~~pursuant to notice given, the~~The referee will dismiss the petition for reinstatement <u>if the petitioner fails to submit to examination as a witness under the notice given,</u> unless good cause is shown for the failure.

(4) *Summary Procedure.* ~~If after the completion of discovery bar counsel is unable to discover any evidence on which denial of reinstatement may be based and if no other person provides any relevant evidence, bar~~<u>Bar</u> counsel may, with the approval of the designated reviewer and staff counsel, stipulate to the issue of reinstatement, including conditions for reinstatement <u>if, after discovery is completed, bar counsel is unable to discover any evidence on which denial of reinstatement may be based and if no other person provides any relevant evidence</u>.  The stipulation must include a statement of costs as provided elsewhere in these ~~Rules Regulating The Florida Bar~~<u>rules</u>.

(5) *Evidence of Treatment or Counseling for Dependency or Other Medical Reasons.*  If the petitioner has sought or received treatment or counseling for chemical or alcohol dependency or for other medical reasons that relate to the petitioner's fitness to practice law, the petitioner must waive confidentiality of ~~such~~<u>that</u> treatment or counseling ~~for purposes of evaluation of~~<u>to evaluate</u> the petitioner's fitness.  The provisions of rule 3-7.1(d) ~~are applicable~~<u>apply</u> to information or records disclosed under this subdivision.

**(h) – (i) [No changes]**

**(j) Recommendation of Referee and Judgment of the Court.**  If the petitioner is found unfit to resume the practice of law, the petition will be dismissed.  If the petitioner is found fit to resume the practice of law, the referee will enter a report recommending, and the court may enter an order of, reinstatement of the petitioner in The Florida Bar; provided, however, that the reinstatement may be conditioned on the payment of all or part of the costs of the proceeding and on the making of partial or complete restitution to parties harmed by the petitioner's misconduct that led to the petitioner's

- 16 -

suspension of membership in The Florida Bar or conduct that led to the petitioner's incapacity; and, if. If petitioner's suspension or incapacity ~~of the petitioner~~ has continued for more than 3 years, the reinstatement may be conditioned on proof of competency as ~~may be~~ required by the ~~judgment in the discretion of the~~ Supreme Court of Florida. Proof may include certification by the Florida Board of Bar Examiners of ~~the~~ successful completion of an examination for admission to The Florida Bar ~~subsequent to~~after the date of the suspension or incapacity.

**(k) Successive Petitions.** No petition for reinstatement may be filed within 1 year following an adverse judgment on a petition for reinstatement filed by or on behalf of the same person. In cases of incapacity, no petition for reinstatement may be filed within 6 months ~~following~~after an adverse judgment under this rule.

**(*l*) Petitions for Reinstatement to Membership in Good Standing.**

(1) [No changes]

(2) *Style of Petition.* Petitions must be styled in the Supreme Court of Florida and filed with the Supreme Court of Florida in accordance with the court's filing requirements, including e-filing requirements where applicable. A copy must be served on staff counsel~~, The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida 32399-2300~~ at the bar's headquarters address in Tallahassee.

(3) *Contents of Petition.* The petition must be verified by the petitioner and accompanied by a written authorization to the District Director of the Internal Revenue Service, authorizing the furnishing of certified copies of the petitioner's tax returns for the past 5 years or since admission to the bar, whichever is greater. The authorization must be furnished on a separate sheet. The petition must have attached as an exhibit a true copy of all disciplinary judgments previously entered against the

- 17 -

petitioner.  It must also include the petitioner's statement concerning the following:

(A)  [No changes]

(B)  the conduct, offense, or misconduct on which the suspension or incapacity was based, together with the date of ~~such~~the suspension or incapacity;

(C) – (F)  [No changes]

(G)  a statement showing all the petitioner's financial obligations ~~of the petitioner~~, including, but not limited to, amounts claimed, unpaid, or owing to The Florida Bar Clients' Security Fund or former clients at the date of filing of the petition, together with the names and addresses of all creditors;

(H)  [No changes]

(I)  a statement showing dates, general nature, and ultimate disposition of every matter involving the petitioner's arrest or prosecution ~~of the petitioner~~ during the period of suspension for any crime, whether felony or misdemeanor, together with the names and addresses of complaining witnesses, prosecuting lawyers, and trial judges;

(J)  [No changes]

(K)  a statement of any procedure or inquiry, during the period of suspension, covering the petitioner's standing as a member of any profession or organization, or holder of any license or office, that involved the censure, removal, suspension, revocation of license, or discipline of the petitioner; and, as to each, the dates, facts, and ~~the~~disposition, and the name and address of the authority in possession of these records;

(L)  a statement as to whether any fraud charges ~~of fraud~~were made or claimed against the petitioner during

- 18 -

the period of suspension, whether formal or informal, together with the dates and names and addresses of persons making these charges;

(M) – (O)  [No changes]

(4) – (5)  [No changes]

**(m)  [No changes]**

**(n)  Readmission; Applicability.**  A former member who has been disbarred, disbarred on consent, or whose petition for disciplinary resignation or revocation has been accepted may be admitted again only ~~up~~on full compliance with the rules and regulations governing admission to the bar.  No application for readmission following disbarment, disbarment on consent, or disciplinary resignation or revocation may be tendered until ~~such time as~~ all restitution and disciplinary costs ~~as may have been~~ ordered or assessed have been paid, together with any interest accrued.

(1)  *Readmission After Disbarment.*  Except as might be otherwise provided in these rules, no application for admission may be tendered within 5 years after the date of disbarment or ~~such~~any longer period of time ~~as the court might determine~~ in the disbarment order.  An order of disbarment that states the disbarment is permanent precludes readmission to The Florida Bar.

(2)  *Readmission After Disciplinary Resignation or Revocation.*  A lawyer's petition for disciplinary resignation or revocation states that it is without leave to apply for readmission will preclude any readmission. A lawyer who was granted a disciplinary resignation or revocation may not apply for readmission until all conditions of the Supreme Court <u>of Florida's</u> order granting the disciplinary resignation or revocation have been complied with.

**Comment**

[No Change]